UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAY K.,

            Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

Case No. 3:18-CV-05258-TLF

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of his applications for disability insurance and supplemental security income benefits.

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13. As discussed below, the undersigned agrees that the ALJ erred and the ALJ's decision is reversed and remanded for further administrative proceedings.

## I.    ISSUES FOR REVEW

1. Did the ALJ err in evaluating the opinions of Huong Lakin, D.O., Brent Packer, M.D., and Thomas Gritzka, M.D.?
2. Did the ALJ err in evaluating Plaintiff's subjective allegations?
3. Did the ALJ err in assessing Plaintiff's residual functional capacity ("RFC")?

## II. FACTUAL AND PROCEDURAL HISTORY

On January 15, 2015, Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging a disability onset date of July 31, 2014.[1] AR 145, 353-59, 360-65. Plaintiff's applications were denied upon initial administrative review and on reconsideration. AR 277-83, 286-90. A hearing was held before Administrative Law Judge ("ALJ") James W. Sherry on September 15, 2016. AR 186-230. In a decision dated November 29, 2016, the ALJ determined Plaintiff was not disabled. AR 142-160. The Social Security Appeals Council denied Plaintiff's request for review on February 9, 2018. AR 1-7. The ALJ's decision of November 29, 2016 is the final decision of the Commissioner subject to judicial review. See 20 C.F.R. §§ 404.981, 416.1481. Plaintiff appealed to this Court and seeks an order remanding this case either for further administrative proceedings or an award of benefits. Dkt. 17, p. 12.

## III. STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error; or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017) (quoting *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)). This requires "'more than a mere scintilla,'" though "'less than a preponderance'" of the evidence. *Id.* (quoting *Desrosiers*, 846 F.2d at 576).

---

[1] Plaintiff filed three prior applications for disability insurance benefits and supplemental security income in 2011, 2013, and 2014. AR 234. All three applications were denied upon initial administrative review. *Id.*

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court is required to weigh both the evidence that supports, and evidence that does not support, the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

## IV. DISCUSSION

The Commissioner uses a five-step sequential evaluation process to determine if a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. The ALJ assesses the claimant's RFC to determine, at step four, whether the plaintiff can perform past relevant work, and if necessary, at step five to determine whether the plaintiff can adjust to other work. *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013). The ALJ has the burden of proof at step five to show that a significant number of jobs that the claimant can perform exist in the national economy. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. §§ 404.1520(e), 416.920(e).

### A. Whether the ALJ properly evaluated the medical opinion evidence

Plaintiff maintains the ALJ failed to properly evaluate opinion evidence from examining physicians Dr. Lakin, Dr. Packer, and Dr. Gritzka. Dkt. 17, pp. 4-11. Plaintiff argues that Dr. Packer's opinion supports Dr. Lakin's opinion concerning Plaintiff's stooping limitations, and that the ALJ has assessed an incomplete RFC by failing to specifically address the postural limitations assessed by both physicians. Dkt. 17, p. 10. Plaintiff argues that while Dr. Gritzka was not Plaintiff's treating physician, he was a board certified orthopedic surgeon who performed an in-depth review of the medical record and provided detailed explanations for his conclusions. Dkt 17, p. 7. Plaintiff also argues that Dr. Gritzka's opinion was broadly consistent with Dr. Lakin's. Dkt. 17, p. 8.

In assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

<u>1. Dr. Lakin and Dr. Packer</u>

Plaintiff maintains that the ALJ failed to properly assess an opinion of examining physician Dr. Huong Lakin. Dkt. 17, pp. 7-11, Dkt. 22, pp. 1-6. Specifically, Plaintiff argues that the ALJ did not provide sufficient reasons to reject Dr. Lakin's opinion that Plaintiff could not bend or stoop. *Id.*

Dr. Lakin completed two physical functional evaluation forms at the request of the Washington State Department of Social and Health Services. In the first opinion, dated June 3, 2014, Dr. Lakin stated that Plaintiff had chronic left knee pain, chronic lower back pain, and mid back pain. AR 573. Dr. Lakin limited Plaintiff to performing light to sedentary work, and opined that Plaintiff should avoid bending, stooping, kneeling, and working at heights. AR 574-75. Dr. Lakin opined that Plaintiff's limitations would persist for 12 months and recommended an orthopedic consultation. AR 575.

In Dr. Lakin's second opinion, dated December 24, 2014, Dr. Lakin again limited Plaintiff to performing light to sedentary work and opined that he should avoid bending, stooping, and working at heights. AR 616-18. Dr. Lakin again opined that Plaintiff's limitations would persist for 12 months and recommended an orthopedic consultation. AR 618. The ALJ summarized Dr. Lakin's June 2014 opinion and assigned it "significant weight", reasoning that:

> [Dr. Lakin] is a treating source and his opinion is consistent with the clinical observations in the record. For example, the claimant having a somewhat reduced range of motion, some weakness, and with an adequate gait. Dr. Lakin's opinion is consistent with the claimant's activities of assembling bicycles, barbecues, and fishing.

AR 154.

Plaintiff argues that the ALJ did not specifically mention Dr. Lakin's December 2014 opinion, and argues that the Court should infer that the ALJ accepted Dr. Lakin's opinion that Plaintiff could not bend, stoop, or kneel. Dkt. 17, pp. 9-10. Social Security regulations distinguish between two types of "bending": stooping (bending the body downward and forward by bending the spine at the waist) and crouching (bending the body downward and forward by bending both the legs and spine). Social Security Ruling ("SSR") 83-14. In assessing Plaintiff's RFC, the ALJ restricted Plaintiff to frequent balancing and stooping and occasional crouching, kneeling, and crawling. AR 150.

Plaintiff also challenges the ALJ's evaluation of non-examining physician Dr. Packer's opinion. Dkt. 17, p. 10. On December 29, 2014, Dr. Packer performed a review of the medical evidence for the Washington State Department of Social and Health Services. AR 543-47. Dr. Packer's review included both of Dr. Lakin's opinions and medical evidence from 2011 to 2014. AR 543. Dr. Packer opined that Plaintiff would be limited to performing sedentary work and

would have marked limitations in performing postural activities. AR 546. The ALJ assigned

"partial weight" to Dr. Packer's opinion, reasoning that:

> [Dr. Packer's] finding that the claimant could perform sedentary work is consistent with treatment records in which the claimant makes minimal, if any, complaints of sitting difficulties. It is also consistent with the medical imaging in the record and Dr. Lakin 's opinion. Dr. Packer appears to be overly cautious in his assessment. However, a residual functional capacity is the most an individual is able to perform, and Dr. Lakin's opinion indicates light work. Greater weight is not given because Dr. Packer's opinion is more limiting than the opinion of Dr. Lakin, a treating source. Dr. Packer's opinion is also more limiting than the opinion of Dr. Saue. Dr. Lakin's and Dr. Saue's opinion are more consistent with the claimant's activities. For example, assembling bicycles, assembling barbecues, and fishing. They are also more consistent with the clinical observations, showing the claimant with only slight weakness in the upper extremities, slight weakness in lower extremities, which improved, and adequate walking.

AR 154.

The ALJ must explain why her own interpretations, rather than those of the doctors, are correct. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). It is unnecessary for the ALJ to "discuss *all* evidence presented". *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). However, an ALJ "may not reject 'significant probative evidence' without explanation*.*" *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (quoting *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores*, 49 F.3d at 571.

The ALJ found that Plaintiff had the severe impairments of degenerative spondylosis of the cervical, thoracic, and lumbar spine, left knee degenerative joint disease/torn meniscus, status post repair, mild right AC arthropathy and left shoulder pain. AR 147. The ALJ found Dr. Lakin's opinion, including her opinion that Plaintiff should avoid bending, stooping, kneeling,

and working at heights, to be consistent with the medical record and Plaintiff's activities of daily living. AR 154. In evaluating Dr. Packer's opinion, the ALJ principally addressed Dr. Packer's conclusion that Plaintiff would be limited to sedentary work and re-stated his reasoning that Dr. Lakin's opinion was more consistent with the medical record and Plaintiff's activities of daily living. *Id.*

Given the nature of Plaintiff's severe impairments, the opinions of Dr. Lakin and Dr. Packer concerning Plaintiff's ability to perform postural activities constitute significant, probative evidence. In evaluating both opinions, the ALJ appears to have focused more on Plaintiff's exertional limitations and did not specifically address the postural limitations assessed by either physician. Dr. Lakin and Dr. Packer assessed similar, and possibly identical, limitations concerning Plaintiff's ability to perform postural activities. In evaluating these opinions, the ALJ erred by not explaining why these limitations were not incorporated into the RFC. *See* SSR 96-8p (A residual functional capacity assessment by the ALJ "must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

Plaintiff contends that he would be unable to perform light or sedentary work if a restriction to no bending or stooping was incorporated into the RFC. Dkt. 17, p. 11. Plaintiff relies on two Social Security rulings, SSR 83-14 and SSR 96-9p.

Although Social Security Rulings do not have the force of law, they constitute Social Security Administration interpretations of the statute it administers and of its own regulations. *See Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989) (citing *Paxton v. Sec. HHS*, 865 F.2d 1352, 1356 (9th Cir. 1988); *Paulson v. Bowen*, 836 F.2d 1249, 1252 n.2 (9th Cir. 1988)) (internal citation and footnote omitted). Courts in the Ninth Circuit defer to Social

Security Rulings unless "they are plainly erroneous or inconsistent with the [Social Security] Act or regulations." *Id*. (citing *Chevron USA, Inc. v. NRDC, Inc*., 467 U.S. 837, 842-45 (1984); *Paxton, supra*, 865 F.2d at 1356)) (footnote omitted).

The relevant portion of SSR 83-14 notes that the major difference between sedentary and light work is that most light jobs, particularly unskilled jobs, require a person to be standing or walking most of the workday. SSR 83-14 describes a difference between light and sedentary work, noting that "the frequent lifting or carrying of objects weighing up to 10 pounds (which is required for the full range of light work) implies that the worker is able to do occasional bending of the stooping type, i.e., for no more than one-third of the workday to bend the body downward and forward by bending the spine at the waist." *Id.*

In addition, SSR 96-9p explains that an ability to stoop occasionally is required in most unskilled sedentary occupations, and that a complete inability to stoop "would significantly erode the unskilled sedentary occupational base and a finding that the individual is disabled would usually apply, but restriction to occasional stooping should, by itself, only minimally erode the unskilled occupational base of sedentary work." SSR 96-9p. The ruling advises that consultation with a vocational expert "may be particularly useful for cases where the individual is limited to less than occasional stooping." *Id.*

The ALJ restricted Plaintiff to performing light work. AR 150. The ALJ further found that Plaintiff had a limited education, and all the jobs cited by the ALJ at step five were unskilled jobs with a specific vocational preparation ("SVP") of two. AR 157-58.

During the hearing, the vocational expert testified that if the RFC was modified to include additional exertional and postural limitations, including a restriction to occasional rather than frequent stooping, there would be a 50 percent erosion in the number of available jobs. AR

225-25. As discussed above, SSR 83-14 indicates that performing a full range of light work would require a worker "to do occasional bending of the stooping type" for no more than one-third of the workday. If Plaintiff were restricted to sedentary work, consistent with Dr. Packer's opinion, under SSR 96-9p there would be a significant erosion in the base of available unskilled work; a finding of disability would "usually" apply.

The ALJ has not provided specific, legitimate reasons for not incorporating the postural limitations assessed by Dr. Lakin and Dr. Packer in the RFC. The uncertainly concerning the extent to which a restriction to no stooping would erode the base of unskilled light and sedentary jobs, given Plaintiff's other limitations, is not something the Court can resolve on the existing record; remand for further proceedings is the appropriate remedy. On remand, the ALJ should re-evaluate the postural limitations, in particular the stooping restrictions, contained in the opinions of Dr. Lakin and Dr. Packer, and consider, with the assistance of a vocational expert, the extent to which these additional limitations would erode the base of unskilled light and sedentary jobs.

### 2. Dr. Gritzka

Plaintiff contends that the ALJ erred in evaluating the opinion of examining orthopedic physician Dr. Gritzka. Dkt. 17, pp. 4-7. As this case must be remanded, the Court declines to consider whether the ALJ erred in considering Dr. Gritzka's opinion. Rather the Court directs the ALJ to re-evaluate all the medical evidence, including the opinion of Dr. Gritzka, on remand.

### B. Whether the ALJ properly Plaintiff's subjective allegations

Plaintiff alleges that the ALJ did not provide sufficient reasons for rejecting Plaintiff's subjective allegations. Dkt. 17, pp. 11-12.

In weighing a Plaintiff's testimony, an ALJ must use a two-step process. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether there is objective medical evidence of an underlying impairment that could reasonably be expected to

produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and provided there is no evidence of malingering, the second step allows the ALJ to reject the claimant's testimony of the severity of symptoms if the ALJ can provide specific findings and clear and convincing reasons for rejecting the claimant's testimony. *Id.*

Plaintiff cites his testimony that he occasionally has difficulty putting on his pants because he cannot bend over. Dkt. 17, p. 11; AR 209-10. The ALJ considered Plaintiff's testimony in assessing the RFC. AR 151. Plaintiff argues that his testimony is consistent with the opinions of Dr. Lakin, Dr. Packer, and Dr. Gritzka, and that the ALJ did not cite any specific evidence to undermine his subjective claim. Dkt. 17, p. 11. Plaintiff contends that an inability to stoop would eliminate all light and sedentary work. *Id.*

For the reasons discussed above, the ALJ erred in evaluating the opinion evidence related to Plaintiff's stooping limitations. *See supra* Section A.1. However, Plaintiff's testimony concerning his stooping limitations is less restrictive than the opinions of Dr. Lakin, who opined that Plaintiff could not bend, stoop, or kneel, and Dr. Packer, who assessed Plaintiff as having marked postural limitations. AR 546, 574-75, 616-18. While a complete inability to stoop might lead to a finding of disability in this case, a restriction to occasional stooping, even if credited, would probably not. *See supra*, Section A.1.

Plaintiff argues that the ALJ did not provide a clear and convincing reason for rejecting his testimony concerning sleep disruption. Dkt. 17, p. 11. Plaintiff testified that he has difficulty sleeping due to his back pain and gets between four and five hours of sleep each night. AR 216-17. Plaintiff stated that he takes two naps a week, lasting for between one and two hours. AR 217. Plaintiff argues that the ALJ did not specifically address his sleep disruption, and that

Plaintiff's testimony is consistent with a finding that he would be off task 20 percent of the time during a work week, which would lead to a finding of disability. Dkt. 17, pp. 11-12.

The ALJ did not specifically discuss Plaintiff's testimony concerning sleep disruption. It is unnecessary for the ALJ to "discuss *all* evidence presented". *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). However, an ALJ "may not reject 'significant probative evidence' without explanation*." Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (quoting *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))).

Even if Plaintiff's testimony were credited as true, it would not, as Plaintiff suggests, lead to a conclusion that Plaintiff would be off task 20 percent of the time during a work week due to sleep disruption. Plaintiff contends that his claim is supported by every physician who evaluated Plaintiff's back pain; yet the Court does not find any medical assessment in the record showing that a physician opined Plaintiff's sleep disruption would lead to an off-task limitation. Further, the need to take two naps a week, lasting for between 1 and 2 hours, does not necessarily correlate to a 20 percent off task limitation. As such, the ALJ did not err in assessing Plaintiff's subjective allegations.

C. Whether the ALJ properly evaluated the RFC

Plaintiff maintains that the ALJ's errors led to the assessment of an insufficiently restrictive RFC and incomplete hypothetical questions posed to the vocational expert. Dkt. 17 at 12. For the reasons discussed above, the ALJ should re-assess the RFC and the hypothetical questions posed to the VE after re-evaluating the opinion evidence. *See* Section I.A, above.

D. Whether this case should be remanded for an award of benefits

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir.

2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit emphasized in *Leon v. Berryhill* that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. 80 F.3d 1041, 1045 (9th Cir. 2017).

The Court has determined that on remand the ALJ must re-evaluate the medical opinion evidence and the RFC. *See supra* Section I. Therefore, there are issues which must be resolved and remand for further proceedings is appropriate.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ erred when he determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for further administrative proceedings. The ALJ is directed to re-evaluate the opinions of Dr. Lakin and Dr. Packer. The ALJ is directed to consider, with the assistance of a vocational expert, the extent to which the inclusion of the postural limitations assessed by both physicians would erode the base of unskilled light and sedentary work.

Dated this 26th day of August, 2019.

Theresa L. Fricke
United States Magistrate Judge